UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------- X

SHANAIRA STYLES and CELYSE WARD,

                              Plaintiffs,

         -against-

CITY OF NEW YORK, IAN RULE, Individually,
LIAM CAWLEY, Individually, ADAM DONOFRIO,
Individually, and JOHN and JANE DOE 1 through 8,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------- X

**AMENDED COMPLAINT**

15 CV 6856 (VEC)

<u>Jury Trial Demanded</u>

        Plaintiffs SHANAIRA STYLES and CELYSE WARD, by their attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SHANAIRA STYLES is a twenty-four-year-old African-American

woman residing in Staten Island, New York.

7.      Plaintiff CELYSE WARD is a twenty-six-year-old African-American woman

residing in Staten Island, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department

(hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department,

authorized to perform all functions of a police department as per the applicable sections of the

aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants, IAN

RULE, LIAM CAWLEY, ADAM DONOFRIO, and JOHN and JANE DOE 1 through 8, were

duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the

City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On May 31, 2014, at approximately 4:30 a.m., plaintiff SHANAIRA STYLES was lawfully present with plaintiff CELYSE WARD, and three of their female friends at the corner of Cornelia Street and West 4th Street in the County, City and State of New York.

14.     At said time, one of the defendant officers approached plaintiff WARD and unreasonably and forcefully grabbed WARD's arm and slammed WARD against a vehicle. While said officer held WARD's arms behind her back, WARD asked the officer, in sum and substance, why he was arresting her and why he was being physically aggressive with her.  In response, a defendant officer stated, in sum and substance, that WARD was being a smart ass. Three defendant officers, including, upon information and belief defendants IAN RULE, LIAM CAWLEY, and ADAM DONOFRIO then unreasonably and forcefully slammed WARD against the vehicle a second time.  Said officers then placed over tight handcuffs on WARD's wrists. WARD was crying and in pain because the defendants had subjected her to unreasonable and excessive force.

15.     After plaintiff STYLES observed the defendant officers grab WARD, slam her against the vehicle and handcuff her, STYLES asked the defendant officers for their badge numbers and the precinct that they were assigned to.

16.     In response, a defendant officer told STYLES that they were from the 6th precinct and that STYLES had to step back.

17.     STYLES complied with the officer's order and stepped back.  STYLES then took

out her cell phone and began recording the defendant officers.

18.     While STYLES was recording the defendant officers, two of the defendant officers approached STYLES, grabbed her cell phone from her hand, and handcuffed her wrists behind her back despite lacking probable cause to believe that STYLES had committed any crime or offense.

19.     The defendant officers imprisoned STYLES and WARD in police vehicles and transported them to the NYPD's 6th precinct stationhouse.

20.     While imprisoned in the 6th precinct, NYPD officers searched, fingerprinted, and photographed STYLES and WARD, seized their personal property, and placed them in holding cells.

21.     As a result of the unreasonable and excessive force used against plaintiff CELYSE WARD, WARD suffered bruising and pain to her chest, stomach and legs, and pain, abrasions and swelling to her wrists.

22.     The defendant officers imprisoned STYLES until June 1, 2014, at approximately 3:00 p.m., when she was arraigned in New York County Criminal Court and released. The defendant officers imprisoned WARD until June 1, 2014, at approximately 12:00 p.m., when she was arraigned in New York County Criminal Court and released.

23.     STYLES was arraigned on baseless charges of obstructing governmental administration and disorderly conduct which were filed against her in New York County Criminal Court under docket number 2014NY041803, said charges having been filed based on the false allegations of defendant IAN RULE.  The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against STYLES for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their misconduct and abuse of authority.

4

24.     Defendant RULE created and manufactured false evidence against STYLES and used same against her in said legal proceedings.  Specifically, RULE falsely swore that STYLES attempted to interfere in WARD's arrest by getting between WARD and the defendant officers who were arresting WARD and by pulling said officers away from WARD while yelling at said officers.   These allegations are entirely false.

25.     WARD was likewise arraigned on a baseless charge of obstructing governmental administration which were filed against her in New York County Criminal Court under docket number 2014NY041807, said charge having been filed based on the false allegations of defendant IAN RULE.  The defendants initiated said prosecution on that charge with malice, and otherwise caused said prosecution to be commenced against WARD for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their misconduct and abuse of authority.

26.     Defendant RULE created and manufactured false evidence against WARD and used same against her in said legal proceedings.  Specifically, RULE falsely swore that WARD "flailed her arms, twisted her body, and refused to put her hands behind her back, making it difficult to arrest her."  These allegations are entirely false.

27.     On June 1, 2014, all of the false charges filed against plaintiff SHANAIRA STYLES and CELYSE WARD were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

28.     Defendants IAN RULE, LIAM CAWLEY, ADAM DONOFRIO and JOHN and JANE DOE 1 through 8 participated in or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

29.     Defendant IAN RULE supervised defendants LIAM CAWLEY, ADAM DONOFRIO and JOHN and JANE DOE 1 through 8, and was either present for and/or participated in the above mentioned misconduct, and approved of, oversaw, and otherwise participated in the arrest, and prosecution of plaintiff STYLES.

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK's police officers, including, without limitation, a practice of subjecting individuals to unreasonable force, a practice of falsely arresting individuals who lawfully record police officers, a practice of falsification to justify the false arrest of individuals, and due to the inadequate screening, hiring, retaining, training, and supervising of its employees.

31.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force, an individual's right to the lawful exercise of their right to free speech and the recording of police officers, and that NYPD officers engage in a practice of falsification.

32.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice,

6

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35.     All of the aforementioned acts deprived plaintiffs SHANAIRA STYLES and CELYSE WARD, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to retaliate against SHANAIRA STYLES for her expression of her constitutionally protected right to free speech.

37.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD sustained, *inter alia*, physical injuries and emotional distress, embarrassment, and humiliation, deprivation of their liberty and their constitutional rights.

40.     As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD

7

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

41.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     The defendant officers, including defendant RULE, arrested plaintiff SHANAIRA STYLES without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

43.     The defendants caused plaintiff SHANAIRA STYLES to be falsely arrested and unlawfully imprisoned.

44.     As a result of the foregoing, plaintiff SHANAIRA STYLES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

45.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendant RULE created false evidence against plaintiff SHANAIRA STYLES.

47.     Defendant RULE utilized this false evidence against plaintiff SHANAIRA STYLES in a legal proceeding.

48.     As a result of defendant RULE'S creation and use of false evidence, plaintiff

8

SHANAIRA STYLES suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

49.     As a result of the foregoing, plaintiff SHANAIRA STYLE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
<u>(Violation of Right to Fair Trial under 42 U.S.C. § 1983)</u>

50.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendant RULE created false evidence against plaintiff CELYSE WARD.

52.     Defendant RULE utilized this false evidence against plaintiff CELYSE WARD in a legal proceeding.

53.     As a result of defendant RULE'S creation and use of false evidence, plaintiff CELYSE WARD suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

54.     As a result of the foregoing, plaintiff CELYSE WARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendant in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
<u>(First Amendment Claim under 42 U.S.C. § 1983)</u>

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

9

56.     The acts of the defendant officers, including defendants RULE, CAWLEY, and DONOFRIO were in retaliation for plaintiff STYLES's exercise of her right to First Amendment freedom of speech and expression, and not in response to any unlawful acts of plaintiff STYLES.

57.     As a result of the aforementioned conduct of the defendants, plaintiff STYLES was subjected to retaliation for the exercise of her First Amendment rights.

58.     As a result of the foregoing, plaintiff SHANAIRA STYLES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The defendant officers, including defendant RULE, maliciously issued criminal process against plaintiff SHANAIRA STYLES by causing her to appear in New York County Criminal Court.

61.     Defendants caused plaintiff SHANAIRA STYLES to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their illegal conduct.

62.     As a result of the foregoing plaintiff SHANAIRA STYLES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

10

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The level of force employed against plaintiff CELYSE WARD by three of the defendant officers including, upon information and belief, defendants RULE, CAWLEY, and DONOFRIO was excessive, objectively unreasonable and otherwise in violation of plaintiff CELYSE WARD's constitutional rights.

65.     As a result of the aforementioned conduct of the defendants, plaintiff CELYSE WARD was subjected to unreasonable and excessive force and sustained physical and emotional injuries.

66.     As a result of the foregoing, plaintiff CELYSE WARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

67.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     The defendant officers who did not participate in the unlawful conduct described herein had an affirmative duty to intervene on behalf of plaintiffs SHANAIRA STYLES and CELYSE WARD whose constitutional rights were being violated in their presence by other defendant officers.

11

69.    Said defendant officers failed to intervene to prevent the unlawful conduct described herein.

70.    As a result of the foregoing, plaintiff SHANAIRA STYLES had her liberty restricted for an extended period of time, she was put in fear of her safety, she was humiliated, subjected to handcuffing and imprisoned, maliciously issued criminal process, and deprived of her right to a fair trial, and plaintiff CELYSE WARD was subjected to unreasonable and excessive force, and deprived of her right to a fair trial.

71.    As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

72.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.    The supervisory defendants personally caused plaintiffs SHANAIRA STYLES and CELYSE WARD's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

74.    As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

12

75.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York's Police Department included, but were not limited to, subjecting individuals to excessive force, arresting individuals in retaliation for the recording of police officers, arresting individuals in retaliation for their lawful exercise of their right to free speech, and engaging in a practice of falsification.

78.    In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs SHANAIRA STYLES and CELYSE WARD's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs SHANAIRA STYLES and CELYSE WARD.

80.    The foregoing customs, policies, usages, practices, procedures and rules of the

13

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs SHANAIRA STYLES and CELYSE WARD as alleged herein.

81.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs SHANAIRA STYLES and CELYSE WARD as alleged herein.

82.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHANAIRA STYLES was detained, imprisoned, deprived of her right to a fair trial and maliciously issued criminal process, and plaintiff CELYSE WARD was subjected to unreasonable and excessive force.

83.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs SHANAIRA STYLES and CELYSE WARD's constitutional rights.

84.    All of the foregoing acts by defendants deprived plaintiffs SHANAIRA STYLES and CELYSE WARD of federally protected rights, including, but not limited to, the right:

        A.    To be free from seizure and arrest not based upon probable cause;

        B.    To be free from the use of unreasonable/excessive force;

        C.    To be free from malicious abuse of process;

        D.    To be free from retaliation for the exercise of her First Amendment rights;

        E.    To be free from deprivation of her right to a fair trial; and

        F.    To be free from the failure of other officers and supervisors to intervene.

85.     As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

86.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

88.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

89.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

90.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

91.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

92.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Defendants arrested plaintiff SHANAIRA STYLES without probable cause.

94.     Plaintiff SHANAIRA STYLES was detained against her will for an extended period of time and subjected to physical restraints.

95.     As a result of the aforementioned conduct, plaintiff SHANAIRA STYLES was unlawfully imprisoned in violation of the laws of the State of New York.

96.     As a result of the aforementioned conduct, plaintiff SHANAIRA STYLES suffered physical and emotional injuries, together with embarrassment, humiliation, shock, fright, and loss of freedom.

97.     As a result of the foregoing, plaintiff SHANAIRA STYLES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(<u>Assault under the laws of the State of New York</u>)

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD were placed in apprehension of imminent harmful and offensive bodily contact.

100.    As a result of defendant's conduct, plaintiffs SHANAIRA STYLES and CELYSE WARD have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

101.    As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

16

reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

102.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103.    Defendants made offensive contact with plaintiffs SHANAIRA STYLES and CELYSE WARD without privilege or consent.

104.    As a result of defendants' conduct, plaintiffs SHANAIRA STYLES and CELYSE WARD have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105.    As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK)

106.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff SHANAIRA STYLES and in the excessive use of force and fabrication of evidence against plaintiff CELYSE WARD.

108.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

109.     As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York
as to defendant CITY OF NEW YORK)

110.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff SHANAIRA STYLES and in the excessive use of force and fabrication of evidence against plaintiff CELYSE WARD.

112.     As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Respondeat Superior liability under the laws of the State of New York
as to defendant CITY OF NEW YORK)

113.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

18

114.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 as to all defendants)

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of defendants' conduct, plaintiffs SHANAIRA STYLES and CELYSE WARD were deprived of their right to security against unreasonable searches, seizures, and interceptions.

118.    As a result of the foregoing, plaintiffs SHANAIRA STYLES and CELYSE WARD are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees.

**WHEREFORE**, plaintiffs SHANAIRA STYLES and CELYSE WARD demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 15, 2016

                              LEVENTHAL LAW GROUP, P.C.
                              Attorneys for Plaintiffs
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 556-9600

                              By:     /s_____
                                      JASON LEVENTHAL (JL1067)

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

SHANAIRA STYLES and CELYSE WARD,

                                 Plaintiff,

        -against-                                       15 CV 6856 (VEC)


CITY OF NEW YORK, IAN RULE, Individually,
LIAM CAWLEY, Individually, ADAM DONOFRIO,
Individually, and JOHN and JANE DOE 1 through 8,
Individually (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                 Defendants.

--------------------------------------------------------------------------------X




**AMENDED COMPLAINT**






**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600